T. C. BLACK ET AL. v. J. D. CLAIBORNE ET AL.

Decided June 3, 1903.

**Appeal—Amended Bond—Fixing Amount.**

Upon permission granted to execute new appeal bond, it is to be approved by the Court of Civil Appeals and must be in double the probable costs as fixed by the clerk's estimate in the record; an approval by the clerk of the trial court or a new estimate of probable costs at half the amount of the new bond, when the estimate in the record was more, is of no effect.

Appeal from the District Court of Bastrop. Tried below before Hon. Ed. R. Sinks.

*Jones & Jones,* for appellants.

*A. C. Prendergast,* for appellee.

FISHER, CHIEF JUSTICE.—On the 6th day of May of this term there was submitted in this case a motion by appellee to dismiss the appeal, because the bond was not in double the amount of the costs as fixed by the clerk of the trial court. We sustained this motion, but gave the appellant until the 27th of May, 1903, to file a new bond; and prior to the last date there was tendered to this court a new bond, which was in the sum of $600, conditioned that the obligors would "prosecute their appeal with effect, and pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and Supreme Court."

This bond was approved by the clerk of the District Court of Bastrop County on the 16th day of May, 1903, and there is a statement of that date, signed by the clerk, stating that he had fixed the probable amount of the costs in the court below, the Court of Civil Appeals and the Supreme Court at $300. This statement is appended to the bond. There is no certificate of the clerk stating that the sureties to the bond are good for the amount and are solvent.

The record filed in the case shows on page 34 that the clerk of the District Court on the 27th of January, 1903, fixed the probable amount of the costs of the suit in the court below, the Court of Civil Appeals and Supreme Court at $400.

On May 23, 1903, there was filed in this court a second motion by appellees to dismiss the appeal, one of the grounds being to the effect that the bond is not double the amount of the costs, as fixed by the clerk, as appears on page 34 of the transcript. On the 27th of May, 1903, this court inadvertently indorsed on the bond an approval, and ordered it filed as a part of the record. This was upon the supposition that the new bond had corrected the error of the old bond, and that it was in double the probable amount of the costs, as fixed by the clerk as shown by the transcript. We now withdraw our approval of this bond, and set aside the order approving the same and ordering the same to be filed.

The statute requires the bond to be in double the amount of the probable costs as fixed by the clerk of the trial court.   The clerk of the trial court, during the time in which he had the right to act in the matter, fixed the probable amount of the costs at $400, as appears from the transcript, and he had no right to change this amount to $300, and approve a bond for less than double the sum as shown by the amount stated in the record.

When a bond is found by this court to be defective, and a new bond is required, the law does not give the clerk of the trial court the authority to approve the bond, but it must be approved by the Court of Civil Appeals.   Evans v. Ashburn, 3 Texas Ct. Rep., 212.   And when this court is called upon to exercise that duty, we must look to and be governed by what the record shows to be the statement of the probable amount of the cost, as fixed by the clerk, when the first bond was approved.   When the first bond is found to be defective, and a new bond is required by the Court of Civil Appeals, the clerk of the trial court has no authority whatever to make any change in the record, or to accept or approve such new bond.   It is permissible and proper for the clerk to attach to the bond his certificate as to the financial standing of the parties who execute the new bond as sureties.

The order heretofore entered submitting this case, together with the order approving the bond, are hereby set aside and the appeal dismissed for the failure of appellant to comply with our previous order, giving him until the 27th of May, 1903, to file new bond.

*Appeal dismissed.*